# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ALLEN POSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1194-JDT-cgc |
| | ) | |
| KARL JACKSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On July 23, 2019, Plaintiff Christopher Allen Posey, who is incarcerated at the Obion County Jail (Jail) in Union City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* in the U.S. District Court for the Southern District of Iowa. (ECF Nos. 1 & 2.) On September 4, 2019, Chief U.S. District Judge John A. Jarvey issued an order transferring the case to this Court. (ECF No. 3.) After the case was transferred, and after Posey filed the requisite financial documents, this Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 9.) The Clerk shall record the Defendants as Obion County Sheriff Karl Jackson and Jail Administrator Kent Treece.

Posey's allegations are as follows:

> My Constitutional rights have been violated. There[']s personal conflict from the officers towards me. I[']m suffering from cruel and unusual punishment. I have been placed among federal inmates and had an altercation with one and was subjected to bodily harm. I had 5 stitches in my lower lip and placed back in the pod with federal prisoners. Karl Jackson has repeatedly taken me off the prison transport.

(ECF No. 1 at PageID 4.) Posey seeks compensatory damages, a release on parole or a transfer to another facility, and payment of his court costs and attorney fees. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Posey filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Posey's allegations are vague, but he appears to allege that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment.[1] *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). To state a claim under the Eighth Amendment, a plaintiff must satisfy an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). That

---

[1] It is unclear whether Posey is a convicted inmate whose protection against cruel and unusual punishment stems from the Eighth Amendment or a pretrial detainee protected by the Fourteenth Amendment. The allegation that he was repeatedly taken off the prison transport suggests Posey is a convicted inmate awaiting initial transfer to, or return to, a state prison. In any event, with the exception of excessive force claims, *see Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), the scope of the protections afforded to detainees and convicted inmates is the same. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Posey's claims will therefore be analyzed under Eighth Amendment principles.

3

is, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent; that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837-38.

Posey does not allege any misconduct by Defendant Treece. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Posey's only allegation against Defendant Sheriff Jackson is that Jackson "has repeatedly taken me off the prison transport." (ECF No. 1 at PageID 4.) The Court construes this statement as an allegation that Jackson has denied Posey's request to transfer to another facility. Prisoners, however, do not have a constitutional right to be assigned to a particular prison, security classification, or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976). Posey, therefore, does not state a claim against Jackson for denying him a transfer.

Posey alleges he was "placed among federal inmates and had an altercation with one and was subjected to bodily harm," after which he was treated for his injury and "placed back in the pod with federal prisoners." (ECF No. 1 at PageID 4.) The Court construes this allegation as a claim that Jail officials failed to protect him from harm. In the context of an Eighth Amendment failure-to-protect claim, a prison officer will not be held liable without a showing that he or she

4

"should have been aware of the reasonable likelihood of a potential attack and intervened earlier." *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003).

The fact that Posey was housed with federal inmates does not violate the Eighth Amendment. He does not allege that the presence of the federal inmates resulted in pervasive violence at the Jail that subjected him to a substantial risk of serious harm and that any named Defendant knew of and disregarded such a risk. *Hester v. Morgan*, 52 F. App'x 220, 223 (6th Cir. 2002) ("The mere fact that [the prison] housed some violent prisoners or that violence among the inmates would sometimes occur does not establish an Eighth Amendment violation."). Posey also fails to allege that any named Defendant should have been aware of a reasonable likelihood of an attack by the specific inmate who assaulted Posey and had the opportunity to intervene earlier.

Posey seeks his release onto parole or a transfer to another facility. As noted above, he has no right to a transfer to another facility. Nor does he have a right to be released on parole before his sentence has ended. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). Even if he did have such a right, this Court may order the state to transfer Posey only in extreme circumstances, which he has not alleged, *e.g. Walker v. Lockhart*, 713 F. 2d 1378, 1383 (8th Cir. 1983); *Streeter v. Hopper*, 618 F. 2d 1178, 1182 (5th Cir. 1980), and the Court has no authority to order his release to parole, *Kimberlin v. White*, 798 F. Supp. 472, 476–77 (W.D. Tenn. 1992), aff'd, 7 F.3d 527 (6th Cir. 1993).

For the foregoing reasons, the complaint does not state a claim for relief and is subject to dismissal.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th

Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Posey should be given an opportunity to amend his complaint.

In conclusion, Posey's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **November 19, 2019**.

Posey is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Posey fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.
IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE